UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:04-CV-263 PS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

In March 2004, John Martin, an inmate at the Miami Correctional Facility, was subjected to a random search of his cell and the officers found a controlled substance for which Martin did not have a prescription. He was subsequently charged with possession of an unauthorized medication. A Conduct Adjustment Board ("CAB") hearing was held and Martin was found guilty. The penalty he received was a written reprimand which admonished him "to not possess medication not prescribed to you."

At the time of the search Martin was in Credit Class II which means he was earning one day of good time credit for every two days he served. Except for offenders serving life imprisonment or those subject to the death penalty, all other offenders are initially assigned to Credit Class I which means they earn one day good time credit for every one day served. To be demoted from Credit Class I to Credit Class II, an offender must be subject to some disciplinary action. It is not clear from the record why Martin was in Credit Class II. On June 25, 2004, Martin was given his Credit Class review – the process by which prison officials determine whether offenders can be promoted to a higher Credit Class. During the review Martin was told that he would remain in Credit Class II until his next review on September 16, 2004. (*See* Petitioner's Traverse Ex. B.) The reason Martin

was not promoted back to Credit Class I was his earlier reprimand stemming from the search of his cell in March, 2004 and the possession of the unauthorized medication.

On June 14, 2004, Martin filed a *pro se* petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The Petitioner filed a Traverse.

The Respondent argues that Martin is not entitled to a writ of habeas corpus because the only sanction he received as a result of the CAB proceeding was a written reprimand.  Martin argues that because of the CAB proceedings he was retained in Credit Class II, thereby earning fewer good time days.  However, Martin was not placed in Credit Class II as a result of the CAB proceeding, he was already in Credit Class II and was retained in that class because he received this disciplinary charge during the six months from the date he was placed in Credit Class II.  (Mem. in Support of Traverse at 7.)

In order to bring a viable claim under 28 U.S.C. § 2254, a petitioner must be "in custody" because of the conviction that he is challenging.  If, for example, a CAB imposes a loss of good time credits, then that action is subject to challenge in a habeas petition because the prisoner's sentence is lengthened as a result of the action and this amounts to "custody" under § 2254.  *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  But when action by the CAB only has future ramifications, then §2254 is not implicated.

*Hadley v. Holmes*, 341 F.3d 661 (7th Cir. 2003), provides a good example of this.  In *Hadley*, the prisoner was challenging an administrative decision that slowed down the accrual of his good

time credits. The Seventh Circuit held that this did not present a viable § 2254 claim. As the Circuit Court stated,

> In order to bring an action under § 2254, a prisoner must be "in custody" pursuant to the conviction or sentence being challenged. Although § 2254 is the appropriate vehicle when prison officials have *revoked* good-time credits once earned, or *lowered* a previously established credit-earning classification, Hadley is not complaining that any benefit already conferred has been taken away.

*Hadley*, 341 F.3d at 664 (emphasis in original) (internal citations omitted). Thus, the Seventh Circuit held that if a prisoner is arguing that his future rights to good time credit is being harmed by the administrative action, the appropriate vehicle to challenge it is a § 1983 action. *Id.*

Like the prisoner in *Hadley*, Martin does not challenge the punishment he received as a result of the disciplinary proceeding, only the consequences of the charge. In other words, Martin did not have his credit time *lowered* as a result of the CAB's decision; he merely received a reprimand. The fact that the reprimand at a future time may have prevented his promotion into a higher Credit Class is not a claim cognizable under § 2254. Thus, this Court cannot directly review the underlying violation Martin attacks because the sanction did not affect the duration of his custody as required for a suit under §2254. *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995) (placing prisoner in segregated confinement for 30 days as discipline did not affect duration of sentence under Hawaii law, so as to implicate due process liberty interest). Accordingly, this Court is without jurisdiction and the petition is dismissed. *See Maleng v. Cook*, 490 U.S. 488 (1989).

**CONCLUSION**

For the foregoing reasons, the petition seeking relief under 28 U.S.C. § 2254 is hereby **DISMISSED**. All motions currently pending are **DENIED AS MOOT** in light of this order.

**SO ORDERED**.

ENTERED: May 20, 2005

>s/ Philip P. Simon
>PHILIP P. SIMON, JUDGE
>UNITED STATES DISTRICT COURT